IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUNILDA RODRIGUEZ,**<br>　　　　　　　　　　**Plaintiff,** | **CIVIL ACTION** |
| **v.** | |
| **MICHAEL J. ASTRUE, Commissioner of Social Security Administration,**<br>　　　　　　　　　　**Defendant.** | **NO. 12-5745** |

**DuBOIS, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**January 27, 2014**

## M E M O R A N D U M

### I.　INTRODUCTION

　　　This is an action seeking review of the final decision of the Social Security Commissioner ("Commissioner") denying plaintiff, Brunilda Rodriguez, claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court referred the case to United States Magistrate Judge David R. Strawbridge for a Report and Recommendation. Magistrate Judge Strawbridge issued a Report and Recommendation ("R&R") on October 29, 2013 recommending that the Administrative Law Judge's ("ALJ") findings of fact and conclusions of law be affirmed. Plaintiff filed an Objection to the R&R on November 2, 2013. For the reasons that follow, plaintiff's Objection to the R&R is sustained, the R&R is rejected, and the case is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum. Judgment is entered in favor of plaintiff and against the Commissioner.

### II.　BACKGROUND

　　　The background of this case is set forth in detail in Magistrate Judge Strawbridge's R&R and will be recited in this Memorandum only as necessary to address the issues presented by

Rodriguez's Objection.

Plaintiff contends that her disability began on September 24, 2008. R. at 60. She has been diagnosed with both physical and mental impairments, including plantar fasciitis of her left foot, depression, and anxiety. R. at 14, 367–75. Plaintiff filed an application for Social Security benefits on April 13, 2009, when she was forty-seven years old. R. at 60. The ALJ denied plaintiff's claim on March 18, 2011, six months and one day before plaintiff's fiftieth birthday. R. at 9.

The ALJ found that plaintiff had not engaged in substantial gainful activity since September 24, 2008 and that she had severe impediments to her health. R. at 14. The ALJ found, however, that plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some additional limitations, including (1) no heights, (2) few steps, (3) no hazardous moving machinery, (4) no more than occasional stooping, squatting, crawling, and kneeling, and (5) minimal or occasional interaction with the public or co-workers. R. at 17. Because plaintiff was under fifty at the time of the decision, the ALJ placed plaintiff in the "younger person" age range (age under fifty) without making a finding that the age range was appropriate. R. at 17–23. Upon considering plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff was not disabled and could perform the requirements of administrative support work, such as an addresser, document preparer, or clerk. R. at 22. The Appeals Council found no reason to review the ALJ's decision and certified it as the final decision of the Commissioner. R. at 1.

Plaintiff brought the instant action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's decision. Plaintiff argued that (1) the ALJ made a mistake

of law by mechanically applying the vocational age ranges, and (2) the RFC finding was not supported by substantial evidence. Magistrate Judge Strawbridge recommended that the ALJ's findings of fact and conclusions of law be affirmed.

### III.    LEGAL STANDARD

This Court reviews the Commissioner's final decision to determine whether it is supported by substantial evidence and applies the correct legal standards. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Factual findings made by the ALJ supported by substantial evidence must be accepted as conclusive. 42 U.S.C. § 405(g). Legal conclusions made by the ALJ are subject to plenary review. *Shaudeck v. Comm'r of Social Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).

A district court makes a *de novo* determination of those portions of a magistrate judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also Brophy v. Halter*, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

### IV.    DISCUSSION

Plaintiff raises only one Objection to the R&R. Plaintiff contends that, because she straddles the borderline between two age ranges, the ALJ made an error of law by mechanically applying a regulatory age range without making an individualized determination that the age range was appropriate in her case.

The regulations describing age as a vocational factor create three age ranges: (1) "younger

3

person" (younger than fifty); (2) "person closely approaching advanced age" (fifty to fifty-four); and (3) "person of advanced age" (fifty-five or older). 20 C.F.R. §§ 404.1563, 416.963. An ALJ "generally do[es] not consider that [the] age [of a younger person] will seriously affect [the] ability to adjust to other work." 20 C.F.R. §§ 404.1563(c), 416.963(c). For a person "closely approaching advanced age," an ALJ must consider that a claimant's "age along with severe impairment(s) and limited work experience may seriously affect [the] ability to adjust to other work." 20 C.F.R. §§ 404.1563(d) and 416.963(d).

> When describing how the age ranges will be applied, the regulations state:
>> We will not apply the age categories mechanically in a borderline situation. If you are *within a few days to a few months* of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall factors of your case.

20 C.F.R. §§ 404.1563(b), 416.963(b) (emphasis added). The United States Court of Appeals for the Third Circuit has held that the district court should remand if (1) the ALJ mechanically applied an age category in a borderline case and (2) the borderline age analysis could change the ALJ's determination of disability. *Kane v. Heckler*, 776 F.2d 1130, 1133–34 (3d Cir. 1985). An ALJ must make an individualized determination in a "borderline situation" because the "assumption [that individuals in certain age ranges have certain capabilities] becomes unreliable and a more individualized determination is necessary." *Id.* at 1133.

At the time of the ALJ's decision, plaintiff was sixth months and one day from her fiftieth birthday. Had the ALJ considered plaintiff to be "closely approaching advanced age" instead of a "younger person," plaintiff would have been found disabled. R&R at 7–8. Thus, the question is whether six months and one day presents a borderline age case. If so, the case must be remanded

4

to the ALJ for an individualized determination about what age range applies to plaintiff upon consideration of the overall factors in her case.

There is no test to determine when an applicant is "a few days or a few months" from an older age category.  The Third Circuit held that a claimant who was fifty-four days from his fiftieth birthday presented a borderline age case.  *Kane*, 776 F.2d at 1133.  "Nine months appears to represent the outer perimeter of what constitutes a borderline case in the District Courts of the Third Circuit."  *Ludvico v. Astrue*, No. 08-322, 2008 WL 5134938, at *11 (W.D. Pa. Dec. 5, 2008).  District courts in the Eastern District of Pennsylvania have found that claimants who are six months and three days from a higher age range present a borderline age case.  *Anderson v. Astrue*, No. 12-4114 (E.D. Pa. Apr. 3, 2013) (order approving and adopting the report and recommendation of Magistrate Judge Timothy R. Rice) (finding a borderline age case when claimant was six months and three days from turning fifty); *Copeland v. Astrue*, No. 10-1482 (E.D. Pa. Nov. 22, 2010) (order approving and adopting the report and recommendation of Magistrate Judge Linda K. Caracappa) (finding a borderline age case when claimant was six months and three days from turning fifty-five); *see also Williams v. Bowen*, No. 86-3763, 1987 WL 9148, at *2 (E.D. Pa. Apr. 6, 1987) (finding that seven months was borderline).

This Court concludes that a plaintiff who is six months and one day from an older age category presents a borderline age situation that requires remand for consideration by the magistrate judge.  On remand, the ALJ must make an individualized determination as to whether plaintiff is more appropriately a "younger person" or a "person closely approaching advanced age."

The R&R, in reaching the opposite conclusion, relied on two cases: (1) *Roberts v.*

5

*Barnhart*, 139 Fed. App'x 418, 420 (3d Cir. 2005) (non-precedential) (finding that five to six months from a new age range does not constitute a borderline age case); and (2) *Palmer v. Astrue*, No. 09-820, 2010 WL 1254266, at *5 (E.D. Pa. Mar. 31, 2010), *aff'd sub nom. Palmer v. Soc. Sec. Comm'r*, 410 Fed. App'x 490 (3d Cir. 2011) (non-precedential) (same).   This Court concludes that both cases are distinguishable.   In both cases, the ALJs relied on unrefuted evidence from vocational experts that the claimants' ages would not affect their ability to find new work. *Roberts*, 139 Fed. App'x at 420 ("In any event, substantial evidence, including the unrefuted evidence provided by the vocational expert, supports the ALJ's conclusion that Roberts's age was not a factor significantly limiting her vocational adaptability."); *Palmer*, 2012 WL 1555426, at * 5 ("The VE opined that Palmer would likely be able to adapt to new employment within 'a couple of weeks[,] up to 30 days.'").   There is no such testimony in this case.   R. 28–59.

V.   **CONCLUSION**

For the reasons set forth above, the Objection filed by plaintiff requires a remand to the Commissioner for further proceedings consistent with this Memorandum.   Plaintiff's Alternative Motion for Remand is granted.   On remand, the ALJ must make an individualized determination as to whether the claimant's age, along with her severe impairments and limited work experience, may seriously affect her ability to adjust to other work.   The remand is ordered pursuant to the fourth sentence of 42 U.S.C. § 405(g).   Judgment is entered in favor of plaintiff and against the Commissioner.   Plaintiff's Motion for Summary Judgment is denied.